IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN LEWIS ROSS, JR.,

                Plaintiff,                      OPINION AND ORDER

   v.
                                                   19-cv-497-wmc

MATTHEW MARSKE/WARDEN,
DANIEL F. SULLIVAN/ASSOCIATE
WARDEN, and C. KIRBY, CAPTAIN,

                Defendants.

---

    *Pro se* plaintiff John Lewis Ross Jr., formerly a prisoner at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), has filed a proposed complaint against three FCI-Oxford employees: Warden Matthew Marske, Associate Warden Daniel Sullivan and Captain C. Kirby. Ross claims that defendants violated his Eighth Amendment rights in directing correctional officers to keep all prisoners shackled during transport when the institution was in lock-down mode in August of 2018. While he does not cite to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1974), the court understands him to be pursuing relief under this case, in which the Supreme Court held that parties may sue federal officials directly under the Constitution in certain situations. Ross's complaint is ready for screening pursuant to 28 U.S.C. § 1915A to determine whether he may proceed with the case. Even construing Ross's allegations generously, however, the court concludes that if he wants to proceed in this lawsuit, he will have to file an amended complaint that addresses the deficiencies described below.

ALLEGATIONS OF FACT[1]

In August of 2018, FCI-Oxford was on lockdown status due to the high number of drugs and weapons present at the institution. According to Ross, defendants Marske, Sullivan and Kirby instructed officers to escort all prisoners to and from the bathrooms without removing their handcuffs or leg chains. This measure was in place between August 12 and August 15 of 2018. During this time, Ross alleges that because officers did not remove his shackles when he used the bathrooms, he was unable to adequately clean himself. Ross claims that this amounts to an excessive use of force in violation of his Eighth Amendment rights. He does not include any allegations related to whether he alerted Marske, Sullivan or Kirby that he had been unable to clean himself after using the bathroom.

OPINION

Plaintiff seeks to proceed on an Eighth Amendment excessive force claim, but plaintiff's claim may also be characterized as an Eighth Amendment conditions of confinement claim. *Compare Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002) (applying deliberate indifference standard to claim that defendants handcuffed prisoner to hitching post for seven hours), *and Gruenberg v. Gempeler*, 697 F.3d 573, 579-80 (7th Cir. 2012) (applying deliberate indifference standard to claim defendants restrained prisoner for five days), *and Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (applying deliberate

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

indifference standard to claim that defendants placed prisoner in shackles and handcuffs for 24 hours), *with O'Malley v. Litscher*, 465 F.3d 799, 805 (7th Cir. 2006) (applying excessive force standard to claim that defendants placed plaintiff in five-point restraints for several hours, applied them too tightly and refused to allow plaintiff to use bathroom), *and Williams v. Burton*, 943 F.2d 1572, 1576 (11th Cir. 1991) (applying excessive force standard to claim that defendants placed prisoner in four-point restraints for more than 28 hours); *see also Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (referencing both excessive force and deliberate indifference standard in discussing use of handcuffs in prisons). Given that plaintiff has not alleged he was actually *injured* by the continuous shackling, and instead his focus is on his inability to clean himself, the court will evaluate his claim as a challenge to the conditions of his confinement.

An Eighth Amendment conditions of confinement claim has two parts. First, a plaintiff must show that he was denied the "minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). Second, the prisoner must show that the prison officials acted with deliberate indifference, meaning that the officials knew about the risk of harm, had the ability to prevent the harm, and failed to do so. *Mays v. Springman*, 575 F.3d 643, 648 (7th Cir. 2009).

With that standard in mind, plaintiff's allegations about his conditions between August 12 and 15 do not support a reasonable finding that he was subjected to such deplorable conditions that he was denied the minimal civilized measure of life's necessities. For example, while plaintiff complaint includes the statement "try cleaning yourself after defecating," he has not actually alleged he was unable to clean himself, nor has he provided

any other details about what he was unable to accomplish because he was shackled while using the bathroom. Furthermore, plaintiff has not alleged that he was shackled when he was brought back to his cell, or unable to clean himself once he was in his cell. As such, his brief description of his experience between August 12 and 15 suggests that he was inconvenienced and uncomfortable, not that he suffered constitutional deprivation. *See Cunningham v. Eyman*, 17 F. App'x 449 (7th Cir. 2001) (holding that 16 hours in shackles, four or five of which were spent in soiled clothing, is uncomfortable, but not unconstitutional under the Eighth Amendment). Indeed, plaintiff's circumstances appear to stand in contrast to other scenarios concluding that the plaintiff had fulfilled the objective element of a conditions of confinement claim, in which prisoners were exposed to human waste on an ongoing basis without the ability to clean themselves. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) ("unhygienic conditions, when combined with the jail's failure to provide detainees with a way to clean for themselves with running water or other supplies, state a claim for relief"); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Isby v. Clark*, 100 F.3d 502, 505–06 (7th Cir. 1996) (prisoner held in segregation cell that allegedly was "filthy, with dried blood, feces, urine and food on the walls"); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (prisoner held in cell that allegedly was filthy and smelled of human waste, lacked adequate heating, contained dirty bedding, and had "rusted out" toilets, no toilet paper, and black worms in the drinking water). Accordingly, at least as currently pled, the court

cannot conclude that plaintiff was subjected to conditions so extreme that he was deprived the minimal requirements of civilized society.

Even assuming plaintiff satisfied the objective element of a conditions of confinement claim, he has not pled facts permitting an inference that any of the three defendants acted with deliberate indifference to plaintiff's inability to clean himself. Defendants may have directed officers to keep prisoners shackled during trips to the bathroom, but plaintiff has not alleged that he informed any staff member that he was unable to clean himself and they refused to modify their instructions related to shackling. Accordingly, the court will not grant plaintiff leave to proceed against defendants.

Still, given plaintiff's *pro se* status and the fact that his complaint is vague and very short on details, the court will dismiss his complaint without prejudice, and give him an opportunity to submit an amended complaint that corrects the deficiencies described above. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation, paying particular attention to the conditions he was subjected to between August 12 and 15 of 2018, who he complained to about those conditions and how those individuals responded. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1) Plaintiff John Ross Jr.'s complaint is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff may have until **July 28, 2020, to submit an amended complaint that meets the requirements of Rule 8.  If plaintiff fails to respond by that deadline, then this case will be dismissed without prejudice for failure to state a claim upon which relief can be granted.**

Entered this 7th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge